UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA PAOLA PAREDES CHUMBIRIZO,<br><br>    Petitioner,<br><br>v.<br><br>MOISES BECERRA, et al.,<br><br>    Respondents. | No. 1:25-cv-01889-DJC-CSK<br><br><br>ORDER |

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. TRO (ECF No. 2)) seeking release from the custody of Immigration and Customs Enforcement ("ICE").  Petitioner raises certain claims that are functionally identical to those this Court has already addressed in prior orders[1].  For the reasons discussed below, the Court GRANTS Petitioner's Motion.

**BACKGROUND**

Petitioner entered the United States from Peru and has been in the country for more than three years.  (*See* I-589 Form (ECF No. 2-1, Ex. 9) at 1; Reply (ECF No. 7) at

---

[1] The Court focuses its Order on Petitioner's procedural due process claim and does not address the other claims that are raised at this time.

2.) Petitioner filed an asylum application in December 2022. (*See* I-589 Form.) Respondents concede that Petitioner appears to have previously been released by ICE under 8 U.S.C. § 1226.[2] (Opp'n (ECF No. 6) at 2 n.1.) Petitioner seems to have been re-detained sometime in December (*see* ECF No. 2-1, Exs. 1, 2) without a bond hearing or a custody re-determination (Mot. TRO at 16) and remains in custody. Petitioner now seeks immediate release. The matter is fully briefed and was submitted without oral argument.

## LEGAL STANDARD

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain preliminary injunctive relief, Plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are 'serious questions going to the merits' — a lesser showing than likelihood of success on the merits — then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (citations omitted). The Ninth Circuit employs a sliding scale approach to the *Winter* factors, under which a strong showing on the balance of hardships may compensate for a lesser showing of likelihood of success. *See Where Do We Go Berkeley v. California Dep't of Transp.*, 32 F.4th 852, 859 (9th Cir. 2022).

////

////

////

---

[2] Section 236 of the Immigration and Nationality Act is codified in 8 U.S.C. § 1226. *Rico-Tapia v. Smith,* ---- F. Supp. 3d. ----, 2025 WL 2950089, at *7 (D. Haw. Oct. 10, 2025).

**DISCUSSION**

I.   **Likelihood of Success on the Merits**

Petitioner raises four claims for relief in her Habeas Petition alleging violations of section 1226(a) and violations of the Fifth Amendment.  (*See generally* Pet.)  Respondents only basis for opposition is that Petitioner is an "applicant for admission" who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)(A) and not entitled to a bond hearing.  (Opp'n at 1.)

The Court's prior orders have discussed Respondents' argument and are dispositive on the issues raised in the Petition and Motion.  *See Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CSD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025); *Singh v. Andrews*, No. 1:25-cv-01543-DJC-SCR, 2025 WL 3248059 (E.D. Cal. Nov. 19, 2025); *Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Souza v. Robbins*, No. 1:25-cv-01597-DJC-JDP, 2025 WL 3263897 (E.D. Cal. Nov. 23, 2025).  For the reasons stated in those cases, Petitioner has established that there are serious questions going to the merits of her unlawful detention claim under section 1226 and her due process claim.  Petitioner has a liberty interest in her continued release.  *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining her out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

II.   **Remaining Factors**

Petitioner has also established irreparable harm based on the deprivation of constitutional rights via immigration detention and health concerns while detained.  *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012); *see also Hernandez v.*

*Sessions*, 872 F.3d 976, 995 (9th Cir. 2017).  The balance of the equities and public interest are merged as the Government is the non-moving party, and these factors weigh sharply in Petitioner's favor.  *See Melendres*, 695 F.3d at 1002; *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023) ("The government also cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." (internal citations and quotation marks omitted)); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1037 (N.D. Cal. 2025) ("[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering.").

## CONCLUSION

Accordingly, as all of the *Winter* factors weigh in Petitioner's favor, IT IS HEREBY ORDERED that:

1. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is GRANTED.
2. Respondents are ordered to immediately release Petitioner Karla Paola Paredes Chumbirizo from their custody.  Respondents shall not impose any additional restrictions on her, unless that is determined to be necessary at a future pre-deprivation/custody hearing.
3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating her arrest and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have her counsel present.
4. Respondents are ORDERED TO SHOW CAUSE on or before December 29, 2025, as to why this Court should not issue a preliminary injunction on the

1  same terms as this Order.  The Respondents' failure to respond to the Order
2  to Show Cause shall be construed as its non-opposition to the Court
3  granting a Preliminary Injunction on the same terms and conditions imposed
4  in this Order.  *See* L.R. 230(c).  On or before January 2, 2026, Petitioner may
5  file a Reply, if any.  The Preliminary Injunction is not currently set for a
6  hearing, but the Court may subsequently order one if it determines a
7  hearing is necessary.

IT IS SO ORDERED.

Dated:   **December 22, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE